NO. 07-05-0274-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

FEBRUARY 28, 2006
_____

MICHAEL W. DIXON,

Appellant

v.

THE STATE OF TEXAS,

Appellee
_____

FROM THE 140TH DISTRICT COURT OF LUBBOCK COUNTY;

NO. 2005-408,417; HON. JIM BOB DARNELL, PRESIDING
_____

***Opinion***
_____

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Michael W. Dixon (appellant) appeals his conviction for possessing a controlled substance. The substance (crack cocaine) was wrapped in plastic and hidden in his mouth. The sole issue before us concerns the trial court's refusal to grant his motion to suppress discovery of the narcotic. Appellant believes that suppression was warranted because the officer had neither probable cause, reasonable suspicion, nor consent to conduct the search. We affirm the judgment.

## *Background*

On August 20, 2004, at 1:56 a.m., Officer Christopher Daniel (Daniel) observed appellant "staggering" as he walked down a public street. Believing appellant to be intoxicated, the officer exited his patrol car, approached the suspect, and called him over. Appellant replied "okay" but then turned his back to the officer and raised "his hands up to his upper chest torso area." Daniel continued towards appellant and attempted to speak with him. However, the latter would not face the officer. Instead, appellant stood sideways and mumbled his replies to the officer's queries. The officer then frisked appellant's clothing for weapons. Though finding none, the officer noticed that appellant mumbled due to his effort to speak through clenched teeth. This lead the officer to believe that appellant was hiding something in his mouth. At that point, appellant was asked to open his mouth and stick out his tongue. Appellant exhibited his tongue but kept his mouth closed. The officer again asked appellant to comply with his request. This time, appellant did, and as he opened his mouth, the officer noticed that it contained a "tan rock-like substance in plastic." Daniel believed the substance to be crack cocaine.

Thereafter, appellant closed his mouth and refused to remove the item from it. In response, the officer grabbed appellant's lower jaw in effort to prevent the suspect from biting or chewing the object. Appellant continued to resist, which conduct led to the officer forcibly subduing him.

In response to questioning at the suppression hearing, the officer did not state that he believed appellant held narcotics in his mouth before he actually saw the tan rock-like substance. Rather, he said that he simply believed that appellant was attempting to conceal something in his mouth. Daniel also stated that based on his training and

2

experience, suspects would conceal not only narcotics in their mouths but also weapons, and the initial frisk of appellant's clothing was undertaken to discover weapons such as knives and "razor blades."

### *The Law and Its Application*

We review the trial court's ruling on a motion to suppress under the standard announced in *Johnson v. State*, 68 S.W.3d 644 (Tex. Crim. App. 2002) and *Guzman v. State*, 955 S.W.2d 85 (Tex. Crim. App. 1997). It requires us to give almost total deference to the trial court's findings of historical fact and review *de novo* the application of the law to the facts. *Johnson v. State*, 68 S.W.3d at 652-53.

Additionally, it is clear that an officer may temporarily detain an individual if the totality of the circumstances (and reasonable inferences therefrom) would lead him to reasonably suspect (in light of his experience and knowledge) that the prospective detainee had engaged, was engaging in, or was soon to engage in criminal activity. *Woods v. State*, 956 S.W.2d 33, 38-39 (Tex. Crim. App.1997); *Hill v. State*, 135 S.W.3d 267, 269 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd). And, that the circumstances before the officer may be as consistent with innocent activity as with criminal activity is of no moment. *Woods v. State*, 956 S.W.2d at 38-39 (holding that the "consistent with innocent activity as with criminal activity" construct was no longer viable).

Next, while the detention can be no longer than necessary to effectuate the purpose of the stop, the officer nonetheless is entitled to conduct a brief and minimally intrusive investigation. *Strauss v. State*, 121 S.W.3d 486, 490-91 (Tex. App.–Amarillo 2003, pet. ref'd). So too may he conduct a limited protective search of the detainee for weapons if he has a reasonable fear for his safety. *Morrison v. State*, 132 S.W.3d 37, 45 (Tex.

3

App.–Houston [14th Dist.] 2004, pet. ref'd).  And, whether such a fear exists depends not upon the officer's subjective belief that the detainee is armed but on whether a reasonably prudent man under the same circumstances would be warranted in questioning his safety or that of others.  *Id.*  With this said, we turn to the record before us.

That appellant was staggering alone down a public street after midnight constituted sufficient articulable facts permitting a temporary detention.  Such circumstances would justify an officer to reasonably suspect that appellant engaged in the criminal offense of public intoxication.  So, Daniel was authorized to approach, detain, and briefly question appellant for purposes of determining whether appellant was committing that crime.

Similarly, a reasonable person in Daniel's position could rationally question his safety given the time of night and appellant's actions.  Again, it was after midnight. Appellant turned away after the officer called him, raised his hands to his chest area as if to conceal something, stood sideways rather than face to face with the officer, and mumbled through clenched teeth.  To this we add the officer's testimony that the weapons he attempted to search for included "razor blades" and that based on his experience and training he knew weapons could be concealed in one's mouth.[1]  Combined, these circumstances were sufficient to warrant a request for appellant to open his mouth to dispel the chance that he was harboring a potentially harmful item in his mouth.  Indeed, such a request would be a minimally intrusive and more efficacious alternative to frisking appellant's cheeks.  *See Morrison v. State*, 132 S.W.3d at 46 (stating that courts may

---

[1]One can reasonably infer from the size of razor blades that they are small enough to fit in one's mouth.

4

consider the scope of the intrusion and the manner in which it was conducted in assessing the validity of a frisk).[2]

Next, seeing the item within appellant's mouth, knowing that individuals hide narcotics in their mouths, and recognizing the item to be crack cocaine, the officer had probable cause to arrest appellant and seize the object. *See Gonzales v. State,* 648 S.W.2d 684, 687 (Tex. Crim. App. 1983) (holding that the officer had probable cause to arrest the defendant and seize balloons without a warrant, when the officer had knowledge that individuals transported heroin in their mouth, observed that defendant had trouble talking, and observed that defendant had balloons underneath his tongue); *Barnes v. State*, 870 S.W.2d 74, 79 (Tex. App.–Houston [1st Dist.] 1993, pet. ref'd) (holding that the officer had probable cause to arrest and seize an object within appellant's mouth when appellant mumbled responses to the officer's questions, tissue paper was seen hanging from appellant's mouth, the officer knew individuals wrapped narcotics in tissue paper, and the appellant attempted to swallow the item). Daniel was not obligated to first obtain a warrant or delay seizure.

Finally, we disagree with appellant's contention that *Hawkins v. State*, 853 S.W.2d 598 (Tex. App.–Amarillo 1993, no pet.) controls the outcome here. Much of our decision in *Hawkins* was founded upon the "consistent with innocent activity as with criminal activity" construct. Yet, that construct has since been rejected by the Court of Criminal Appeals in

[2]That the officer asked appellant to open his mouth *after* the initial frisk was completed does not necessarily taint the request. Circumstances can arise which authorize a further pat-down. *See e.g. Morrison v. State*, 132 S.W.3d 37, 45-46 (Tex. App.–Houston [14th Dist.] 2004, pet. ref'd) (holding that the subsequent frisk of appellant's rear pants pockets was permissible given appellant's continued effort to place his hands in them after the initial frisk). Actively and obviously concealing a potentially dangerous object in one's mouth is such a circumstance.

*Woods*.  So a substantial portion of the legal foundation underlying *Hawkins* no longer exists.

Having reviewed the totality of the circumstances appearing in the record, we conclude that the trial court had legal and factual basis upon which to overrule appellant's motion to suppress.  Thus, it did not abuse its discretion in doing so.  Accordingly, the issue is overruled and the judgment affirmed.

Brian Quinn
Chief Justice

Publish.