Affirmed and Memorandum Opinion filed September 11, 2007








Affirmed and Memorandum Opinion filed September 11, 2007.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-06-00522-CR

____________

 

BRIAN WILLIAM DOUD, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 184th
District Court

Harris County, Texas

Trial Court Cause No. 1051832

 



 

M E M O R A N D U M   O P I N I O N

Challenging his conviction for possession of a controlled
substance, appellant Brian William Doud complains that the trial court erred in
denying his motion to suppress evidence.  We affirm.

I.  Factual and Procedural Background








Around 8:00 a.m. on the morning of December 30, 2005,
Deputy Daniel McCool of the Harris County Sheriff=s Office observed
appellant, who was driving towards Deputy McCool in the oncoming lane of
traffic, drive across McCool=s lane and park on the side of the road
facing opposing traffic.  Deputy McCool pulled up next to appellant and told
him to move his car to face the correct direction.  About ten minutes later, as
Deputy McCool continued to drive through the same neighborhood, he again
encountered appellant driving and observed him run two stop signs and fail to
signal a turn.  Because of these traffic violations, Deputy McCool pulled
appellant over.  After speaking with appellant during the traffic stop, Deputy
McCool detected an odor of alcohol on appellant=s breath and asked
him to step outside of the vehicle and submit to a field sobriety test.  As
appellant exited his car, he used the driver=s side door and
the side of the car for support, and he explained to Deputy McCool that he did
so because of a bad hip.  Deputy McCool now suspected appellant of driving
while intoxicated and began Aworking@ the case
accordingly.

 As Deputy McCool spoke with appellant outside the car,
McCool noticed, due to his manner of speech, that appellant had something in
his mouth.  Deputy McCool testified that, at this point, he did not know
whether the item was a breath mint, gum, another agent used to mask the odor of
alcohol, or Aany other contraband.@  Deputy McCool
asked appellant what he had in his mouth.  In response, appellant opened his
mouth, and Deputy McCool saw two white, rock-like items on the right side of
his bottom lip.  Based on Deputy McCool=s observation,
training, and experience, he believed the items were rocks of crack cocaine. 
Deputy McCool then asked appellant to spit the items out, and, when appellant
failed to comply and instead made a swallowing motion, McCool placed his hand
on appellant=s jaw and ordered him to spit out the items, both to
prevent appellant from overdosing and to recover the evidence.  Deputy McCool
was able to recover only one of the items, which tested positive for cocaine,
and testified that the other was not recovered.  During an inventory search of
appellant=s vehicle, Deputy McCool found a plastic wrapper and a
crack pipe, both containing residual amounts of cocaine.








The trial court denied appellant=s motion to
suppress the crack cocaine.  Appellant subsequently pleaded guilty and was
convicted of possession of a controlled substance.  This appeal followed.

II.  Standard of Review

We review the trial court=s decision on a
motion to suppress for an abuse of discretion.  See State v. Dixon, 206
S.W.3d 587, 590 (Tex. Crim. App. 2006).  We give almost total deference to a
trial court=s express or implied determination of historical facts
and of application‑of‑law‑to‑fact questions that turn
on an evaluation of credibility and demeanor.  See id.; Guzman v.
State, 955 S.W.2d 85, 89 (Tex. Crim. App. 1997).  We review de novo the
court=s determination of
application‑of‑law‑to‑fact questions not turning on
credibility and demeanor.  See Dixon, 206 S.W.3d at 590; Guzman,
955 S.W.2d at 89.  We view the record in the light most favorable to the trial
court=s conclusion and
reverse the judgment only if it is outside the zone of reasonable
disagreement.  Dixon, 206 S.W.3d at 590.  We will sustain the trial
court=s ruling if it is
reasonably supported by the record and is correct on any theory of law
applicable to the case.  Id. 

III.  Analysis

In his sole issue, appellant complains that Deputy McCool=s warrantless
search and seizure of the crack cocaine rock from his mouth violated the Fourth
Amendment to the United States Constitution and article one, section nine of
the Texas Constitution.  Specifically, he contends that Deputy McCool=s actions did not
fall under the exigent circumstances, plain view, or plain touch doctrines.[1] 









We initially address whether Deputy McCool=s warrantless
search of appellant=s mouth was justified under the exigent
circumstances doctrine.  To validate a warrantless search based on exigent
circumstances, the State must satisfy a two‑step process.  Gutierrez
v. State, 221 S.W.3d 680, 685 (Tex. Crim. App. 2007).  First, probable
cause must exist to enter or search a specific location.  Id.  In the
context of warrantless searches, probable cause exists when reasonably
trustworthy facts and circumstances within the knowledge of the officer on the
scene would lead a man of reasonable prudence to believe that the
instrumentality or evidence of a crime will be found.  Id.  Second, an
exigency that requires an immediate entry to a particular place without a
warrant must exist.  Id.  Three categories of exigent circumstances
justify a warrantless intrusion by police officers:  (1) providing aid or
assistance to persons whom law enforcement reasonably believes are in need of
assistance, (2) protecting police officers from persons whom they reasonably
believe to be present, armed, and dangerous, and (3) preventing the destruction
of evidence or contraband.  Id.  








Appellant contends the evidence does not establish that
Deputy McCool had probable cause to believe that the items in appellant=s mouth were crack
cocaine because McCool testified that he was not sure what the items were and
that they could have been a breath mint, gum, or other item used to mask the
smell of alcohol.  We disagree.  When appellant opened his mouth[2]
and exposed two rock-like items, Deputy McCool testified he believed, based on
his training, experience, and prior observations of the substance, that these
items were rocks of crack cocaine.  When Deputy McCool asked appellant to spit
out the items, appellant responded by attempting to swallow them.  Under these
circumstances, we conclude the trial court properly determined that Deputy
McCool had probable cause to believe that appellant had evidence relating to
the offense of possession of a controlled substance in his mouth.  See
Guzman, 955 S.W.2d at 90 (holding that overtly swallowing in response to
officer=s questioning
about contents of mouth may help establish probable cause when coupled with
other factors); Gonzales v. State, 648 S.W.2d 684, 687 (Tex. Crim. App.
1983) (holding that officer had probable cause for warantless arrest of
appellant for possession of heroin and seizure of heroin balloons, where
officer had knowledge that individuals transported heroin in their mouths,
observed that defendant had trouble talking, and observed that defendant had
balloons underneath his tongue); Dixon v. State, 187 S.W.3d 767, 770
(Tex. App.CAmarillo 2006, no pet.) (holding that officer had
probable cause for warrantless arrest of appellant for possession of controlled
substance and seizure of cocaine, where officer was aware that individuals hide
narcotics in mouths, noticed that appellant mumbled, asked appellant to open
his mouth, and observed in appellant=s mouth what he
recognized was cocaine); Barnes v. State, 870 S.W.2d 74, 78B79 (Tex. App.CHouston [1st Dist.]
1993, pet. ref=d) (holding that officers had probable cause for
warrantless arrest of appellant for possession of cocaine and seizure of
cocaine, where officers had knowledge that people involved in narcotics carry
crack cocaine in white paper, observed appellant place white paper in mouth,
and saw appellant attempt to hide, swallow, or otherwise conceal paper and its
contents when questioned). 

Moreover, although appellant does not specifically argue
that no exigency existed requiring an immediate, warrantless search of his
mouth, we conclude that such exigency existed, as Deputy McCool grabbed
appellant=s neck to force the items in his mouth out only after
appellant attempted to swallow them and testified that he did so to prevent the
destruction of evidence.  See Gutierrez, 221 S.W.3d at 685; see, e.g.,
Sanders v. State, 855 S.W.2d 151, 153 (Tex. App.CHouston [14th
Dist.] 1993, no pet.) (holding that officer, who observed appellant throw
matchbox believed to contain cocaine inside his mouth, was justified in
grabbing appellant=s neck without warrant to force out
matchbox and prevent destruction of contraband).  








We accordingly hold that the trial
court properly denied appellant=s motion to suppress because Deputy McCool=s warrantless search and seizure of
crack cocaine in appellant=s mouth was lawful under the exigent circumstances doctrine.  Finding
this issue dispositive, we need not address appellant=s other contentions relating to
plain view and plain touch.  Therefore, we affirm the trial court=s judgment.                                                          

 

 

 

/s/      Leslie B. Yates

Justice

 

 

Judgment rendered
and Memorandum Opinion filed September 11, 2007.

Panel consists of
Justices Yates, Seymore, and Edelman.[3]

Do Not Publish C Tex. R. App. P. 47.2(b).









[1]  We address appellant=s federal and state constitutional arguments together because he failed
to separately argue and brief them.  See Riddle v. State, 888 S.W.2d 1,
7B8 (Tex. Crim. App. 1994); Joseph v. State, 3
S.W.3d 627, 634 n.2 (Tex. App.CHouston [14th
Dist.] 1999, no pet.).





[2]  We note that appellant does not challenge Deputy
McCool=s initial traffic stop as an invalid Terry detention
or McCool=s question about what appellant had in his mouth as
exceeding the scope of an otherwise valid Terry detention.  See
Martinez v. State, ___ S.W.3d ____, No. 2‑06‑088‑CR, 2007
WL 2067852, at *5 (Tex. App.CFort Worth July
19, 2007, no pet. h.) (holding that routine traffic stops are analogous to
investigative detentions and are governed by principles of Terry v. Ohio,
392 U.S. 1 (1968)). 





[3]  Senior Justice Richard H. Edelman sitting by
assignment.