Affirmed and Memorandum Opinion filed November 18, 2008








Affirmed and Memorandum Opinion filed November 18, 2008.

 

 

In The

 

Fourteenth Court of
Appeals

____________

 

NO. 14-07-00974-CR

____________

 

ROBERT MCNAIR COOPER, Appellant

 

V.

 

THE STATE OF TEXAS, Appellee

 



 

On Appeal from the 178th
District Court

Harris County, Texas

Trial Court Cause No. 1100887

 



 

M E M O R A N D U M   O P I N I O N

Appellant
Robert McNair Cooper appeals the trial court=s denial of his motion to suppress
evidence of an unadjudicated extraneous drug offense.  During the punishment phase
of his trial for the offense of aggravated robbery of a person over sixty-five
years old, the jury heard evidence of the extraneous offense.  Appellant=s punishment was assessed at twenty
years= confinement in prison.  In his sole
issue, appellant contends that the trial court erred in denying his motion to
suppress because there was no reasonable suspicion to detain him or probable
cause to arrest him for possession of a controlled substance.  We affirm.








I.  Facts

While on
patrol one afternoon, Deputy Herman Eagleton observed a car pull onto a
driveway on a vacant lot.  He watched appellant approach the open driver=s window with his hand clenched. 
Officer Eagleton had made arrests at this particular driveway before, and based
on his training and experience, he knew how drugs were sold there: a car would
pull onto the driveway, someone would sell drugs, and the car would back out. 
Although he had not observed any illegal activity, Officer Eagleton pulled onto
the driveway behind the car and got out.  Appellant began to walk away with his
hand still clenched.  Believing, based on his training and experience, that a
drug transaction had been about to occur, Officer Eagleton ordered appellant to
stop and identify himself and repeatedly asked what was in his hand.  When
appellant failed to answer, continued to clench his hand, and backed away
slowly, Officer Eagleton told him to put his hands on the car for Officer
Eagleton=s safety.  Appellant complied,
opening his clenched hand to reveal a plastic bag containing cocaine.  He was
then arrested for possession of a controlled substance.

After
appellant was arrested for the drug offense described above, the State brought
him to trial on an unrelated aggravated robbery charge.  During that trial,
appellant sought to exclude evidence of the extraneous drug offense, which was
unadjudicated at that time.  The motion was carried with the trial, and a
hearing was held outside the jury=s presence at the punishment phase. 
The trial court denied the motion, and evidence of the drug offense was
presented to the jury.  In his sole issue, appellant contends that the trial
court erred in denying his motion because there was no reasonable suspicion to
detain him or probable cause to arrest him for the unadjudicated extraneous
offense of possession of a controlled substance.








II.  Analysis

We review the denial of a motion to suppress for abuse of
discretion, giving almost total deference to a trial court=s determination of historical facts
and reviewing de novo the court=s application of search and seizure law.  Balentine v.
State, 71 S.W.3d 763, 768 (Tex. Crim. App. 2002).  Here, the trial court
did not make explicit fact findings, so we review the evidence in the light
most favorable to the trial court=s ruling and assume that the trial
court made implicit fact findings supported in the record.  Carmouche v.
State, 10 S.W.3d 323, 327B28 (Tex. Crim. App. 2000).

In
reviewing a trial court=s ruling, we generally consider only evidence adduced at the
suppression hearing because the ruling was based on it rather than evidence
introduced later.  Rachal v. State, 917 S.W.2d 799, 809 (Tex. Crim. App.
1996); Turner v. State, 252 S.W.3d 571, 577 (Tex. App.CHouston [14th Dist.] 2008, pet. ref=d).  This general rule, however, is
inapplicable when the parties consensually relitigate the suppression issue
before the jury.  See Rachal, 917 S.W.2d at 809 (considering evidence
outside the suppression hearing when the issue is relitigated during the trial
on the merits).  When the State raises the issue at trial, either without
objection or with subsequent participation by the defense, the defendant has
made an election to reopen the evidence, and consideration of the relevant
testimony is appropriate in our review.  See id.  Here, the parties
relitigated the search and seizure issue by examining and cross-examining
Officer Eagleton before the jury at punishment as they had during the motion to
suppress hearing.  Because appellant fully participated in that relitigation,
we will consider the evidence adduced both at the suppression hearing and
before the jury at punishment.  See id.








In this
case, we must determine whether Officer Eagleton=s detention of appellant constituted
an unreasonable search and seizure under Article I, Section 9 of the Texas
Constitution and Chapter 14 of the Texas Code of Criminal Procedure.  Under
Texas law, the fact that a detainee=s activity was as consistent with
innocent activity as with criminal activity has no bearing on the
reasonableness of the detention.  Woods v. State, 956 S.W.2d 33, 38B39 (Tex. Crim. App. 1997) (stating
that the Aas consistent with innocent activity as with criminal activity@ construct is no longer viable and
expressly overruling any cases holding to the contrary).  Rather, we examine
the reasonableness of a temporary detention in light of the totality of the
circumstances, including the detaining officer=s knowledge and experience.  See
id. at 37B38.  Viewed through that lens, a temporary detention is justified when
specific articulable facts and reasonable inferences therefrom lead the
detaining officer to reasonably suspect that the prospective detainee actually
is, has been, or soon will be engaged in criminal activity.  Id. at 38; 
Hill v. State, 135 S.W.3d 267, 269 (Tex. App.CHouston [14th Dist.] 2004, pet. ref=d).  Therefore, a trained officer=s permissible deductions from
observing legal activity can support a reasonable suspicion that an observed
participant is about to commit a crime.  See Woods, 956 S.W.2d at 37B38.  However, an investigative
detention based on reasonable suspicion must be temporary, last no longer than
is necessary to effectuate the purpose of the detention, and involve the least intrusive
means reasonably available to verify or dispel the officer=s suspicion in a short period of
time.  Davis v. State, 947 S.W.2d 240, 243B45 (Tex. Crim. App. 1997).








Here,
Officer Eagleton ordered appellant to stop, detaining him on the suspicion that
he was about to engage in a drug transaction.  See Michigan v. Chesternut,
486 U.S. 567, 573 (1988) (a seizure occurs where a reasonable person would have
believed he was not free to leave given the circumstances).  Officer Eagleton
knew from experience that drugs were sold on the driveway where appellant was
detained.  The high-crime reputation of the area is a factor we consider in
determining the reasonableness of his suspicion.  Klare v. State, 76
S.W.3d 68, 74 (Tex. App.CHouston [14th Dist.] 2002, pet. ref=d).  Also, Officer Eagleton knew from
experience that the activity he observed appellant engage in was consistent
with drug transactions that occurred on the driveway.  We take his inference
that illegal activity was imminent into consideration in determining the
reasonableness of his suspicion.  Woods, 956 S.W.2d at 38.  Moreover,
appellant=s nervous, evasive behavior in walking away with his hand clenched also
supported the reasonableness of Officer Eagleton=s suspicion.  Illinois v. Wardlow,
528 U.S. 119, 124 (2000).  Finally, while the occurrence of the activity in
daylight hours lessens its inherent suspiciousness, Gurrola v. State,
877 S.W.2d 300, 303 (Tex. Crim. App. 1994), the vacant nature of the lot
supports the reasonableness of Officer Eagleton=s suspicion.  Klare, 76 S.W.3d
at 74 (car parked near closed building is a factor effecting the reasonableness
of an officer=s suspicion).  Based on the totality of the circumstances, the specific
facts that Officer Eagleton articulated, and his inferences therefrom given his
experience with drug transactions on this very driveway, we conclude that he
reasonably suspected that a drug transaction involving appellant was about to
occur.  Given that suspicion, his investigative detention of appellant was
justified.

Furthermore,
Officer Eagleton=s initial questions regarding the contents of appellant=s hand was the least intrusive means
reasonably available to verify or dispel his suspicion in a short period of
time.  Officer Eagleton=s initial suspicion was reasonably heightened when appellant
failed to answer repeated inquiries, continued to clench his hand, and slowly
backed away at Eagleton=s questioning.  In light of appellant=s nervous, evasive, and nonresponsive
behavior and tightly clenched hand, Officer Eagleton=s subsequent request that appellant
place his hands on the car for Eagleton=s safety was justified and
reasonable, either as the least intrusive means available to investigate
Eagleton=s heightened suspicion or to initiate
a frisk for weapons.  See Dixon v. State, 187 S.W.3d 767, 769B70 (Tex. App.CAmarillo 2006, no pet.) (officer was
justified in requesting appellant to open his mouth to dispel concern for
concealed weapon where suspect was mumbling responses to questions).  When
appellant exposed the plastic bag of cocaine by placing his hands on the car,
reasonable suspicion ripened into probable cause to arrest appellant, without a
warrant, for cocaine possession.  See Gaines v. State, 99 S.W.3d 660,
669 (Tex. App.CHouston [14th Dist.] 2003, no pet.).








Appellant=s reliance on cases from this court
decided under the Aas consistent with innocent activity as with criminal
activity@ construct is inapposite.  See
Woods, 956 S.W.2d at 38B39 (stating that the Aas consistent with innocent activity
as with criminal activity@ construct is no longer viable and expressly overruling any
cases holding to the contrary).  Appellant also contends that his detention was
unreasonable because Officer Eagleton did not observe appellant commit any
illegal acts prior to detaining him.  We disagree.  See id. at 37B38 (trained officer=s permissible deductions from
observing legal activity can support reasonable suspicion of imminent criminal
activity).

We
conclude that the trial court did not err in denying appellant=s motion to suppress evidence of the
unadjudicated extraneous offense because the evidence was obtained through a
lawful detention and arrest.  We therefore overrule appellant=s sole issue and affirm the trial
court=s judgment.

 

 

 

/s/      Leslie B. Yates

Justice

 

 

 

 

Judgment rendered
and Memorandum Opinion filed November 18, 2008.

Panel consists of
Justices Yates, Seymore, and Boyce.

Do Not Publish C Tex. R. App. P. 47.2(b).