**Henry Lee SANDERS, Appellant,**

v.

**The STATE of Texas, Appellee.**

**No. B14–92–00059–CR.**

Court of Appeals of Texas,
Houston (14th Dist.).

May 20, 1993.

Walter Boyd, Houston, for appellant.

Kimberly Aperauch Stelter, Houston, for appellee.

Before MURPHY, SEARS and DRAUGHN, JJ.

## OPINION

SEARS, Justice.

Appellant was found guilty by a jury of possession of cocaine. The jury found two enhancement allegations to be "true," and assessed punishment at thirty-five years confinement in the Texas Department of Criminal Justice—Institutional Division. We affirm.

Officer Miller was on evening patrol in a known drug area when he observed the Appellant flagging down cars. The first two vehicles continued onwards, but the third vehicle, a van, stopped. The Appellant approached the driver's side of the van. As Officer Miller approached in his marked patrol car, the van began to drive off. The Appellant followed the van, and made a throwing motion with his hand towards the van. Officer Miller believed that a drug transaction had taken place.

Miller then exited his patrol car and told the Appellant, who was walking away, to "Come over here." In response, the Appellant threw the contents of a matchbox into his mouth. Miller believed that the Appellant had thrown a rock of crack cocaine and some currency in his mouth. The officer apprehended the Appellant and put his arm around Appellant's neck in an attempt to force the Appellant to spit out the objects. Appellant eventually spit out a twenty dollar bill and a white chunky substance which field tested positive for cocaine.

Officer Miller has made numerous drug-related arrests. He noted that he has observed people engaged in narcotics activities before, and that he is familiar with the techniques they use to sell and purchase drugs. He testified that it is common for drug dealers to keep their drugs in a matchbox. Finally, Officer Miller stated that he did not obtain a search warrant because, if he had not acted immediately, the Appellant would have swallowed and destroyed the evidence.

In two points of error, Appellant maintains that the trial court erred in overruling his motion to suppress the cocaine because the search and seizure violated the United States and Texas Constitutions.

The State maintains that Appellant has waived these points of error, because Appellant's trial counsel announced "no objection" to the admission of the cocaine at trial.

 It is well settled that when a pretrial motion to suppress is overruled, an accused need not object to the admission of that same evidence at trial in order to preserve error. *Gearing v. State*, 685 S.W.2d 326, 329 (Tex.Crim.App.1985). "However, when the accused affirmatively asserts that he has 'no objection' to the admission of the complained of evidence, he waives any error in the admission of the evidence despite the pre-trial ruling." *Id.* We find that Appellant has failed to properly preserve this point for review. However, even if Appellant had preserved these points, the officer's detention and search did not violate either the United States or the Texas Constitution.

A police officer may temporarily detain an individual for investigatory purposes, if the officer has a reasonable suspicion of criminal activity. *Crockett v. State*, 803 S.W.2d 308, 311 (Tex.Crim.App.1991); *Brem v. State*, 571 S.W.2d 314, 318 (Tex. Crim.App.1978). Officer Miller had a reasonable, articulable suspicion that the Appellant had been engaging in a drug transaction. He asked the Appellant to "Come over here," so that he could investigate.

Once the Appellant threw the contraband into his mouth, Officer Miller had probable cause to seize the Appellant and prevent the destruction of the contraband. The possible destruction of the evidence justified the search being performed without a warrant. *McNairy v. State*, 835 S.W.2d 101 (Tex.Crim.App.1991). We overrule Appellant's two points of error.

The judgment of the trial court is affirmed.