IN THE COURT OF APPEALS, THIRD DISTRICT OF TEXAS,



AT AUSTIN





 






NO. 3-93-175-CR






MICHAEL SWAIN,



 APPELLANT


vs.





THE STATE OF TEXAS,



 APPELLEE





 




FROM THE DISTRICT COURT OF BELL COUNTY, 264TH JUDICIAL DISTRICT



NO. 42,168, HONORABLE DERWOOD JOHNSON, JUDGE PRESIDING



 





 This appeal is taken from a conviction for possession with intent to deliver a
controlled substance, to wit: cocaine in the amount of less than twenty-eight grams. After the
jury found appellant guilty of the primary offense, it found that appellant was the same person
previously convicted of four felony offenses as alleged in the enhancement paragraphs of the
indictment. The jury assessed appellant's punishment at forty years' imprisonment.

 Appellant advances two points of error. First, appellant complains that the trial
court erred in overruling the motion to suppress evidence seized as a result of appellant's unlawful
detention and warrantless arrest in violation of article I, section 9 of the Texas Constitution. 
Second, appellant contends the trial court erred in overruling appellant's motion for the court to
reconsider the motion to suppress evidence.

 At trial, after the motions to suppress evidence and to reconsider were overruled,
the following occurred when the cocaine (subject matter of the motion to suppress) was offered
into evidence:



Mr. Bledsoe [prosecutor]: Your Honor, at this time the State would move
admission of State's exhibit one, one-A and one-B. I'd tender them to Mr.
McDurmitt for any objections he may have.


Mr. McDurmitt [defense counsel]: No objection to State's exhibit one-A and one-B, Your Honor.


Mr. Bledsoe: They are admitted.


Mr. Bledsoe: As well as State's one?


Mr. McDurmitt: No objection.


The Court: They are admitted.



 When a pretrial motion to suppress evidence is overruled, the accused need not
subsequently object to the admission of the same evidence at trial in order to preserve error. 
Livingston v. State, 739 S.W.2d 311, 334 (Tex. Crim. App. 1987). However, when the accused
affirmatively asserts during trial that he has "no objection" to the admission of the complained-of
evidence, he waives any error in the admission of the evidence despite the pretrial ruling. 
Gearing v. State, 685 S.W.2d 326, 329 (Tex. Crim. App. 1985); see also Dean v. State, 749
S.W.2d 80, 83 (Tex. Crim. App. 1988); Sanders v. State, 855 S.W.2d 151, 153 (Tex.
App.--Houston [14th Dist.] 1993, no pet.); Gonzales v. State, 743 S.W.2d 718, 720 (Tex.
App.--Houston [14th Dist.] 1987, pet. ref'd). The affirmative acceptance of previously challenged
evidence waives any error in its admission. Jones v. State, 833 S.W.2d 118, 126 (Tex. Crim.
App. 1992); Moody v. State, 827 S.W.2d 875, 889 (Tex. Crim. App. 1992).

 Appellant waived any error by expressly stating "no objection" when the cocaine
was offered into evidence at trial despite the pretrial rulings. Appellant is not now in a position
to complain on appeal about the trial court's rulings on the motion to suppress evidence and the
subsequent motion to reconsider. Points of error one and two are overruled.

 The judgment is affirmed.



 

 John F. Onion, Jr., Justice

Before Justices Kidd, B. A. Smith and Onion*

Affirmed

Filed: April 6, 1994

Do Not Publish



















* Before John F. Onion, Jr., Presiding Judge (retired), Court of Criminal Appeals, sitting by
assignment. See Tex. Gov't Code Ann. § 74.003(b) (West 1988).