NO. 07-11-00078-CR

IN THE COURT OF APPEALS

FOR THE SEVENTH DISTRICT OF TEXAS

AT AMARILLO

PANEL B

OCTOBER 31, 2012

RICHARD LEE RABB, APPELLANT

v.

THE STATE OF TEXAS, APPELLEE

FROM THE 382ND DISTRICT COURT OF ROCKWALL COUNTY;

NO. 2-10-246; HONORABLE BRETT HALL, JUDGE

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

**OPINION ON REHEARING**

We withdraw our opinion and judgment dated September 28, 2012, and substitute the following in its place. We overrule the State's motion for rehearing.

Appellant Richard Lee Rabb appeals from his conviction by bench trial of the third degree felony offense of tampering with physical evidence and the resulting sentence of six years in the Institutional Division of the Texas Department of Criminal Justice. Appellant contends that the evidence is insufficient to show that, knowing an investigation was in progress, he destroyed an item. We agree, and will reverse.

Background

Appellant was charged via an amended indictment with "knowing that an investigation was in progress, to-wit: theft, intentionally or knowingly destroy[ed] a plastic baggie containing pills with intent to impair its availability as evidence in the investigation." After his not-guilty plea, the case was tried to the bench.

Evidence showed that appellant and his stepbrother James Reynolds were in a Wal-mart store in Rockwall. A store employee watched while Reynolds selected and later unwrapped some small items from the electronics department. When he did not pay for the items, Reynolds was detained by employees as he left the checkout area. The store employee also had seen another man standing in the same area of the store as Reynolds. In response to questions, Reynolds told store employees that appellant was with him. He provided a description of appellant. Police were called.

While Reynolds was being questioned, word was received that a store employee had noticed a man, matching the description Reynolds had provided, behaving suspiciously in the store. A store asset-protection coordinator and a Rockwall police sergeant who had arrived stopped appellant at the front of the store. The events that followed were recorded by the store's security camera, and the court saw the video recording while witnesses narrated. The sergeant told appellant his stepbrother was being detained. He asked appellant, "Hey, do you have any of the store's merchandise on you?" Appellant replied that he did not have any of the store's merchandise on his person and stated, "You can search me if you want." Appellant then placed his hands behind his head and moved to stand beside the wall. The sergeant began to search

2

appellant, and the store employee noticed that appellant was holding in his hand a small plastic baggie he had removed from his back pocket. When the sergeant was made aware of it, he testified, he saw "sticking out of the corner of [appellant's] gripped, closed fist the corner of a plastic bag." The sergeant could not see what was in the baggie. He reached up to grab appellant's hand to take the baggie, and as he did so, appellant pushed him away and put the baggie into his own mouth.

A struggle occurred during these events, and appellant was subdued only after another officer applied a taser. At some point, after ignoring repeated commands to spit the baggie from his mouth and cautions of the dangers of swallowing drugs, he swallowed the baggie. An ambulance was summoned. Appellant told the paramedic the baggie contained pills that were not prescribed to him. The baggie was never recovered, and the record contains no mention of any effort to do so.

The trial court found appellant guilty as charged in the indictment and assessed punishment as noted. This appeal followed.

Analysis

Appellant presents two appellate issues, contending the evidence was insufficient to establish (1) that he destroyed the baggie, and (2) that he knew an investigation was in progress. We find his first issue dispositive.

In reviewing issues of evidentiary sufficiency, an appellate court considers all the evidence, viewing it in the light most favorable to the verdict to determine whether a rational fact finder could have found each element of the offense beyond a reasonable

3

doubt. *Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 61 L. Ed. 2d 560 (1979); *Brooks v. State,* 323 S.W.3d 893, 902 (Tex.Crim.App. 2010). We measure the sufficiency of the evidence by the elements of the offense as defined in the hypothetically correct jury charge for the case. *Cada v. State*, 334 S.W.3d 766, 773 (Tex.Crim.App. 2011) (citing *Malik v. State*, 953 S.W.2d 234, 240 (Tex.Crim.App. 1997)). That standard applies to evidence presented in a bench trial as well as to cases tried to a jury. *Malik,* 953 S.W.2d at 240. Because the hypothetically correct charge is one "authorized by the indictment," "if the State pleads one specific element from a penal offense that contains alternatives for that element, the sufficiency of the evidence is measured by the element that was actually pleaded, not any other statutory alternative element." *Cada*, 334 S.W.3d at 773-74.

Appellant's issue challenging the sufficiency of the evidence he destroyed the baggie was not raised in the trial court. Nonetheless, he may raise it now. *Moff v. State*, 131 S.W.3d 485, 488-89 (Tex.Crim.App. 2004) (claim regarding sufficiency of evidence need not be preserved for appellate review at trial level and is not forfeited by failure to do so).

Section 37.09(a)(1) of the Penal Code provides, in pertinent part, that "A person commits an offense if, knowing that an investigation or official proceeding is pending or in progress, he: (1) alters, destroys, or conceals any . . . thing with intent to impair its verity, legibility, or availability as evidence in the investigation or official proceeding[.]" Tex. Penal Code Ann. § 37.09(a)(1) (West 2011). As noted, the State's amended

4

indictment alleged, and its evidence showed, the "thing" in this case to be a plastic baggie containing pills.

As the Court of Criminal Appeals explained in *Williams v. State*, in section 37.09(a)(1) of the tampering with evidence statute, the word "destroys" must have an effect distinct from that of "alters" and "conceals," else the Legislature would not have used the three different words. *Williams v. State,* 270 S.W.3d 140, 146 (Tex.Crim.App. 2008). Because "destroys" is not statutorily defined for this purpose, the court sought its common, ordinary meaning, and interpreted section 37.09(a)(1) "to mean that a destroyed thing has been ruined and rendered useless." *Id.* The court's opinion also notes that its interpretation of the term "echoes a factor" referred to in *Spector v. State*, "that a thing is destroyed when it has lost its identity and is no longer recognizable." *Id.*, *citing Spector v. State*, 746 S.W.2d 945, 945-46 (Tex.App.—Austin 1988, no pet.); *see Anderson v. State,* Nos. 05-09-0192-CR, 05-09-01930-CR, 2011 Tex. App. LEXIS 1867 (Tex.App.—Dallas Mar. 15, 2011) (mem. op., not designated for publication) (applying *Williams* definition).

Appellant argues the evidence may show he concealed the baggie but cannot show he destroyed it. The Court of Criminal Appeals has not yet addressed the meaning of the term "conceal" in section 37.09(a)(1), but courts of appeals, including this court, have addressed it. The Fort Worth Court of Appeals held the word means "the act of removing from sight or notice; hiding." *Rotenberry v. State*, 245 S.W.3d 583, 589 (Tex.App.—Fort Worth 2007, pet. ref'd). We found it to mean "to prevent disclosure or recognition of" or "to place out of sight" in *Lujan v. State,* No. 07-09-0036-CR, 2009

5

Tex.App. LEXIS 7121 (Tex.App.—Amarillo Sept. 9, 2009, no pet.) (mem. op., not designated for publication), and also have applied a definition "to hide or to keep from observation, discovery or understanding." *Young v. State,* No. 07-09-0229-CR, 2010 Tex.App. LEXIS 9459,*3-4 (Tex.App.—Amarillo Nov. 30, 2010 (mem. op., not designated for publication), *citing Hollingsworth v. State,* 15 S.W.3d 586, 595 (Tex.App.—Austin 2000, no pet.). *See also Thornton v. State,* No. 07-11-0069-CR, 2012 Tex.App. LEXIS 6493, at *5 (Tex.App.—Amarillo Aug. 7, 2012, no pet.) (mem. op., not designated for publication) (noting same definitions).

Young was charged with tampering with evidence after he swallowed a rock of cocaine. *Young,* 2010 Tex. App. LEXIS 9459, at *2. We found the evidence sufficient to prove his doing so concealed the cocaine. *Id.* at *3-4. In *Lewis v. State*, 56 S.W.3d 617 (Tex.App.–Texarkana 2001, no pet.), the court found evidence sufficient to prove the defendant concealed cocaine by swallowing it, applying the "hide or keep from observation" definition. *Lewis,* 56 S.W.3d at 625, *citing Hollingsworth*, 15 S.W.3d at 595.

The State argues appellant did not merely conceal the baggie because officers had seen it before he put it in his mouth, and he made no effort to hide his action of stuffing it into his mouth. Once the baggie was seen, the State argues, it was too late for appellant to conceal it, leading to the inference that he put it into his mouth to destroy it.[1] Guilt under section 37.09(a)(1) requires proof of a specific intent to impair

---

[1] Here and elsewhere in its argument on appeal, the State focuses on the baggie. The indictment alleges appellant destroyed "a plastic baggie containing pills." The record is clear that the officers did not see what was in the baggie. The only evidence

6

the verity, legibility or availability of the item as evidence. *Stewart v. State*, 240 S.W.3d 872, 874 (Tex.Crim.App. 2007) (statute "requires intent as to a particular result, namely, impairing a thing's availability as evidence"). Even were we to agree with the State's argument that the evidence reflects appellant's intent to destroy rather than conceal the baggie and its contents, the argument misplaces the intent element of the offense and does not aid our evaluation of the evidence supporting the conclusion appellant destroyed the baggie or the pills.

The State also contends the court rationally could have found appellant's actions destroyed the baggie and its contents, arguing his actions caused their "complete ruination." As the State sees it, appellant rendered the baggie and its contents "wholly 'unidentifiable' and 'completely useless' as evidence in any past, present or future investigation." It points out that once swallowed, the baggie was never recovered, its contents could no longer be ascertained or identified and it could no longer be used as evidence against appellant in any way. In *Williams*, the court found inadequate the definitions of "destroy" applied in *Spector,* 746 S.W.2d at 945-46, because they focused on the evidentiary value of collected remains of the item allegedly destroyed. *Williams,* 270 S.W.3d at 145-46. The State's argument here, focusing on the evidentiary value of the assertedly-destroyed item, contains the same problem. Under the State's argument, the baggie and pills have been destroyed because they have not been recovered and so cannot be used as evidence. Just as the court in *Williams* saw difficulty with a definition of destroy that it found would preclude destruction when parts

of its contents came from appellant's response to the paramedic's question, to the effect that it contained prescription pills.

7

are recovered, there is difficulty with a definition that equates concealment with destruction when an item is not recovered.

The State's evidence here does not show that the baggie or pills are unidentifiable or no longer recognizable, useless or ruined. It shows nothing of the condition of the bags or pills that resulted from appellant's actions. The evidence shows merely their location following his actions. Appellant's acts fit squarely within actions courts have found to constitute concealment under section 37.09(a)(1). He placed the baggie in his mouth and swallowed it. The baggie and pills were thus placed out of sight, hidden and kept from observation, discovery or understanding, their disclosure or recognition prevented. These actions constitute "conceal[ing]" under section 37.09(a)(1). *Cf. McElroy v. State,* No. 13-10-174-CR, 2011 Tex.App. LEXIS 793, at *8 (Tex.App.—Corpus Christi Feb. 3, 2011, no pet.) (mem. op., not designated for publication) (finding evidence defendant chewed hole in bag containing suspected cocaine, chewed and ingested the substance, and lost consciousness was sufficient to support conviction for destroying evidence).

Certainly there is the possibility of overlap in the application of the three means of tampering listed in section 37.09(a)(1) to a particular set of facts. *See Williams,* 270 S.W.3d at 147 (Womack, J., concurring) ("while 'destroy' and 'alter' are different, they may not be mutually exclusive. When something is destroyed, it may be said to have been altered"). But applying the terms in a way that maximizes their overlap waters down the distinct effect we should give the particular words the Legislature used. *Williams*, 270 S.W.3d at 146. We see no reason to apply *Williams*' clear definition of

8

destruction to an action so clearly constituting a concealment, with the result that every item successfully concealed also will be considered destroyed.[2]

The State cites *Sanders v. State,* 855 S.W.2d 151 (Tex.App.—Houston [14th Dist.] 1993, no pet.) for the proposition that swallowing an item can constitute its destruction as well as its concealment. *Sanders* is not a tampering with evidence case but rather involved a motion to suppress in a drug possession case. The court upheld denial of the defendant's motion to suppress, finding the officer's action justified by the "possible destruction of evidence" when the suspect put drugs into his mouth. *Id.* at 153. The sufficiency of evidence of destruction was not at issue in *Sanders*, nor was the distinction between destruction and concealment, and we find the case inapplicable here.

We are conscious this case was transferred to us from the Dallas Court of Appeals, and conscious the opinion of that court in *Anderson,* 2011 Tex.App. LEXIS 1867, at *9-10, applied the term "destroyed" and not the term "concealed" to drugs that the defendant flushed down a toilet. The court, however, was not addressing the

---

[2] On rehearing, the State urges that we should consider application of the terms "conceal" and "destroy" to be sufficiently overlapping to find the evidence sufficient in this case. We note the Court of Criminal Appeals declined to adopt a similar approach in its recent decision in *Cada,* 334 S.W.3d at 776 (noting that even though in the terms under examination in that case "there may be some overlap and considerable commonality," the terms were "distinct and separate statutory elements of the offense"). We note also the guidance for preparation of charging instruments the Court of Criminal Appeals provided in *Cada,* 334 S.W.3d at 776 (pointing out that in lieu of pleading the "correct element," the State may plead "several of the statutory alternatives…and then includ[e] only those for which there was some evidence" on presentation of the case to the finder of fact).

distinction between the two terms, and, in our judgment, the opinion sheds no light on the manner in which the Dallas court would have decided this case had it not been transferred. We do not find our resolution of the case precluded by the requirements of Rule of Appellate Procedure 41.3. Tex. R. App. P. 41.3 (requiring transferee court to decide case in accordance with precedent of transferor court).

A fact finder is permitted to draw reasonable inferences from the evidence presented. *Hooper v. State*, 214 S.W.3d 9, 13 (Tex.Crim.App. 2007), *quoting Jackson*, 443 U.S. at 318-19 (reviewing court must defer to responsibility of trier of fact to, *inter alia*, draw reasonable inferences from basic facts to ultimate facts). Despite the absence of direct evidence the baggie or its contents were destroyed by appellant's actions, if one reasonably can infer they were destroyed by their passage into appellant's digestive tract, the evidence is sufficient. *Hooper*, 214 S.W.3d at 13 (assessment of sufficiency of evidence involves determination whether, based on all the evidence and reasonable inferences therefrom, rational fact finder could have found guilt). We see no basis here for such an inference. *See Hooper*, 214 S.W.3d at 16 (inference is conclusion reached by considering other facts and deducing a logical consequence from them). On this record, any conclusion regarding the future of the baggie and its contents after appellant swallowed them would simply be speculation. *Id.* (speculation is mere theorizing or guessing). *Cf. Young*, 2010 Tex. App. LEXIS 9459, at *4 fn.1 (nurse testified swallowed cocaine "would pass through the system").

Viewing the evidence in the proper light, and crediting all reasonable inferences, we nonetheless find no rational trier of fact could have found appellant destroyed the

baggie or its contents.  Accordingly, we sustain his first issue,[3] reverse the trial court's

judgment of conviction and render a judgment of acquittal.


James T. Campbell
Justice

Publish.

---

[3] Because his first issue is dispositive, our consideration of appellant's second appellate issue is unnecessary.  Tex. R. App. P. 47.1.