

# In The
# Court of Appeals
# Seventh District of Texas at Amarillo

No. 07-14-00044-CR

QUINCY DWAYNE YARBROUGH, APPELLANT

V.

THE STATE OF TEXAS, APPELLEE

On Appeal from the 242nd District Court
Hale County, Texas
Trial Court No. B19404-1302, Honorable Edward Lee Self, Presiding

October 2, 2014

## ABATEMENT AND REMAND

Before QUINN, C.J., and CAMPBELL and HANCOCK, JJ.

Quincy Dwayne Yarbrough, appellant, appeals his conviction for Tampering with Physical Evidence. Appellant was tried and found guilty by a jury and was sentenced to two years in prison. Appellant's counsel has filed a motion to withdraw, together with an *Anders*[1] brief, wherein he certifies that, after diligently searching the record, he has concluded that the appeal is without merit. Along with his brief, he has filed a copy of a letter sent to appellant informing him of counsel's belief that there was no reversible

---

[1] *See Anders v. California,* 386 U.S. 738, 744-45, 87 S.Ct. 1396, 18 L.Ed.2d 493 (1967).

error and of appellant's right to respond *pro se.* Subsequently, appellant filed a motion to access the record, which was granted, and appellant's counsel was ordered to provide the record. Counsel advised this court that he provided the record to appellant for preparation of a *pro se* response, if any, on August 11, 2014. By letter, this court notified appellant of his right to file his own brief or response by September 22, 2014, if he wished to do so. To date, no response has been received.

Per the obligation imposed on this court via *In re Schulman*, 252 S.W.3d 403 (Tex. Crim. App. 2008) and *Stafford v. State*, 813 S.W.2d 503, 511 (Tex. Crim. App. 1991), we reviewed the record to access the accuracy of appellate counsel's representation. Our review uncovered an arguable issue. It pertains to the sufficiency of the evidence to support a conviction of tampering with physical evidence by destruction of that evidence. *See Rabb v. State*, 434 S.W.3d 613 (Tex. Crim. App. 2014); s*ee also Thornton v. State,* 425 S.W.3d 289 (Tex. Crim. App. 2014).

Because the opinion expressed by appellant's currently appointed attorney could be viewed as creating a conflict of interest, we grant his motion to withdraw. We further abate the appeal and remand the cause to the 242nd District Court of Hale County. *See Stafford v. State*, 813 S.W.2d at 511. Upon remand, the trial court shall appoint, by October 16, 2014, new counsel to represent appellant in this appeal. Next, the trial court shall cause the name, address, and state bar number of the newly appointed counsel to be included in a supplemental transcript. The record of that appointment shall be filed by the trial court with the clerk of this court on or before October 16, 2014.

Finally, the trial court shall further order the newly appointed counsel to file an appellant's brief, as per the Texas Rules of Appellate Procedure, developing the aforementioned arguable ground pertaining to sufficiency of the evidence to support the conviction and all other grounds that might support reversal or modification of the judgment. The deadline for filing the appellant's brief with the clerk of this court is thirty days from the date of appointment. Thereafter, any responding brief which the State may care to submit shall be filed within thirty days after the filing of the appellant's brief.

It is so ordered.

Per Curiam

Do not publish.