# NO. 12-14-00064-CR

# IN THE COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT

# TYLER, TEXAS

| | | |
|---|---|---|
| *TERRON PENEVRICK MITCHELL,*<br>*APPELLANT* | § | *APPEAL FROM THE 145TH* |
| *V.* | § | *JUDICIAL DISTRICT COURT* |
| *THE STATE OF TEXAS,*<br>*APPELLEE* | § | *NACOGDOCHES COUNTY, TEXAS* |

## *MEMORANDUM OPINION*

Terron Mitchell appeals his convictions for possession of a controlled substance and tampering with evidence. He raises four issues on appeal relating to the sufficiency of the evidence and the trial court's denial of his motion to suppress. We affirm.

## BACKGROUND

A Nacogdoches County grand jury returned a two count indictment against Appellant for the offenses of possession of a controlled substance and tampering with physical evidence. The indictment also alleged that Appellant was an habitual offender. Appellant pleaded "not guilty" to both counts in the indictment. A jury trial was held in which Appellant was found "guilty" of both counts. Thereafter, Appellant pleaded "true" to the offenses alleged in the enhancement paragraphs of the indictment. The jury found the enhancement paragraphs "true" and assessed Appellant's punishment for possession of a controlled substance at five years of imprisonment and thirty-five years of imprisonment for tampering with physical evidence. This appeal followed.

In his third and fourth issues, Appellant challenges the trial court's denial of his motion to suppress. Appellant argues it was not a crime for him to hold an alcoholic beverage in the street, and contends that as a result, there could be no reasonable suspicion of criminal activity to justify his initial detention by law enforcement.

**Standard of Review and Applicable Law**

A police officer conducts a lawful temporary detention when he has reasonable suspicion to believe that an individual is violating the law. *Ford v. State*, 158 S.W.3d 488, 492 (Tex. Crim. App. 2005). A police officer has reasonable suspicion to detain an individual if he has specific, articulable facts that, when combined with rational inferences from those facts, would lead him to reasonably conclude that the person detained is, has been, or soon will be engaged in criminal activity. *Derichsweiler v. State*, 348 S.W.3d 906, 914 (Tex. Crim. App. 2011). The reasonableness of a detention must be examined in terms of the totality of the circumstances. *Foster v. State*, 326 S.W.3d 609, 613 (Tex. Crim. App. 2010).

In evaluating the totality of the circumstances, the appellate courts apply a bifurcated standard of review. *Elizondo v. State*, 382 S.W.3d 389, 393 (Tex. Crim. App. 2012); *Valtierra v. State*, 310 S.W.3d 442, 447 (Tex. Crim. App. 2010). As the sole fact finder, the trial court may believe or disbelieve all or any part of a witness's testimony and may make reasonable inferences from the evidence presented. *Amador v. State*, 275 S.W.3d 872, 878 (Tex. Crim. App. 2009). Thus, when the trial court's findings of fact are based on an evaluation of credibility and demeanor, we afford almost total deference to the trial court's determination of facts that are supported by the record. *Elizondo*, 382 S.W.3d at 393. We review de novo the trial court's application of the law to the facts not turning on credibility and demeanor. *Ford*, 158 S.W.3d at 493. When the trial court does not make explicit findings of fact, we view the evidence in a light most favorable to the trial court's ruling and assume that the trial court made implicit findings of fact supported by the record. *Id.*

**Discussion**

Brett Ayers, a police officer for the Nacogdoches Police Department, testified that he was patrolling the southeast district of Nacogdoches (a high crime area) when he saw Appellant and two other men standing in the roadway and holding open alcoholic beverages. He described the men as holding open beer cans "above their waistline more toward their abdomen." Officer

Ayers testified that it is a violation of the city ordinance to consume alcohol in a public place. *See* NACOGDOCHES, TEX., CODE OF ORDINANCES ch. 86, art. II, § 86-26 (2001 & Supp. 2014), *available at* https://www.municode.com/library/tx/Nacogdoches/codes/code_of_ordinances?no deID=COORNATE (Apr. 13, 2015).[1]  As a result, he made contact with Appellant and the two other men for suspicion of consumption of alcohol in a public place.

Johnny Ray Thompson, a resident of the neighborhood where Appellant was arrested, was called as a witness regarding Officer Ayers's contact with Appellant and the two other men. Thompson testified that he was outside the day of Appellant's arrest and did not remember seeing Appellant or the other two men holding any alcoholic beverages or standing in the street. He testified that the three men were standing in the yard "the whole time."

The trial court found that Officer Ayers did not see Appellant actually consume alcohol in the street.  But it is rational to infer from Officer Ayers's version of the facts that Appellant and the two other men had consumed or were about to consume alcohol.[2]  These facts, when combined with the rational inferences arising therefrom, could permit Officer Ayers to reasonably conclude that Appellant and the two other men had been or soon would be engaged in criminal activity—consuming alcohol in a public place.  *See **Derichsweiler***, 348 S.W.3d at 914; NACOGDOCHES, TEX., CODE OF ORDINANCES ch. 86, art. II, § 86-26.  Therefore, based on the totality of the circumstances, Appellant's detention was supported by reasonable suspicion.  *See **Ford***, 158 S.W.3d at 492. The trial court did not err by denying Appellant's motion to suppress. *See **Valtierra***, 310 S.W.3d at 447–48.  Accordingly, we overrule Appellant's third and fourth issues.

### SUFFICIENCY OF THE EVIDENCE

In his first and second issues, Appellant challenges the sufficiency of the evidence for each of his convictions (possession of a controlled substance and tampering with evidence).

When sufficiency of the evidence is challenged on appeal, we view all of the evidence in the light most favorable to the verdict to decide whether any rational trier of fact could have

---

[1] The ordinance was in effect when Officer Ayers made contact with Appellant, and provides that it is "unlawful for any person to consume alcoholic beverages in any place within the city, excluding restaurants, private clubs[, and any city owned property with appropriate permission]."  *See* NACOGDOCHES, TEX., CODE OF ORDINANCES ch. 86, art. II, § 86-26 (2001 & Supp. 2014), *available at* https://www.municode.com/library/tx/nacogdoches/codes/code_of_ordinances?nodeId=COORNATE (Apr. 13, 2015).

[2] The trial court made no other findings of fact.

found the essential elements of the offense beyond a reasonable doubt. *See Jackson v. Virginia*, 443 U.S. 307, 319, 99 S. Ct. 2781, 2789, 61 L. Ed. 2d 560 (1979); *Brooks v. State*, 323 S.W.3d 893, 895 (Tex. Crim. App. 2010). Under this standard, the jury is the sole judge of the witnesses' credibility and the weight of their testimony. *Jackson*, 443 U.S. at 319, 99 S. Ct. at 2789; *Brooks*, 323 S.W.3d at 899. A jury is permitted to draw multiple reasonable inferences, but it is not permitted to come to conclusions based on mere speculation or factually unsupported inferences or presumptions. *Hooper v. State*, 214 S.W.3d 9, 15 (Tex. Crim. App. 2007).

In determining whether the state has met its burden of proving the defendant guilty beyond a reasonable doubt, we compare the elements of the crime as defined by a hypothetically correct jury charge to the evidence adduced at trial. *Thomas v. State*, 444 S.W.3d 4, 8 (Tex. Crim. App. 2014). A hypothetically correct jury charge is one that accurately sets out the law, is authorized by the indictment, does not unnecessarily increase the state's burden or restrict its theories of liability, and adequately describes the particular offense for which the defendant was tried. *Malik v. State*, 953 S.W.2d 234, 240 (Tex. Crim. App. 1997).

**Applicable Law**

As charged in count I of the indictment, the State was required to show that Appellant intentionally or knowingly possessed a controlled substance, namely cocaine, in an amount of less than one gram, by aggregate weight, including any adulterants or dilutants. *See* TEX. HEALTH & SAFETY CODE ANN. § 481.115(a), (b) (West 2010). To prove unlawful possession of a controlled substance, the State must prove that (1) the defendant exercised control, management, or care over the substance, and (2) the accused knew the matter possessed was contraband. *Poindexter v. State*, 153 S.W.3d 402, 405 (Tex. Crim. App. 2005); *see also* TEX. HEALTH & SAFETY CODE ANN. § 481.002(38) (West Supp. 2014) (defining possession as "actual care, custody, control, or management").

As charged in count II of the indictment, the State was required to show that Appellant, knowing that an offense had been committed, to wit: possession of a controlled substance, intentionally or knowingly altered, destroyed, or concealed evidence, to wit: cocaine, with intent to impair its availability as evidence in any subsequent investigation or official proceeding relating to the offense. *See* TEX. PENAL CODE ANN. § 37.09(a)(1) (West Supp. 2014); *see also Rabb v. State*, 434 S.W.3d 613, 616 (Tex. Crim. App. 2014).

A person acts intentionally with respect to the nature of his conduct or to a result of his conduct when it is his conscious objective or desire to engage in the conduct or cause the result. TEX. PENAL CODE ANN. § 6.03(a) (West 2011). A person acts knowingly with respect to the nature of his conduct or to circumstances surrounding his conduct when he is aware of the nature of his conduct or that the circumstances exist. *Id.* § 6.03(b). A person acts knowingly with respect to a result of his conduct when he is aware that his conduct is reasonably certain to cause the result. *Id.* A jury may infer intent or knowledge from any facts that tend to prove its existence, including the acts, words, conduct of the accused, and the method of committing the crime. *Louis v. State*, 329 S.W.3d 260, 268 (Tex. App.—Texarkana 2010), *aff'd*, 393 S.W.3d 246 (Tex. Crim. App. 2012) (citing *Hart v. State*, 89 S.W.3d 61, 64 (Tex. Crim. App. 2002)).

**The Evidence**

Once Officer Ayers made contact with Appellant and the two other men, he advised them that they could not drink alcohol in the street. Officer Ayers testified that after he made contact, he started to "run a check" as part of standard police procedure. As he was relaying information to the dispatcher, Appellant began to walk away, and one of the other men kept putting his hands in his pockets. Officer Ayers testified that he commanded the man to take his hands out of his pockets and advised Appellant that he was not free to leave. According to Officer Ayers, Appellant appeared "extremely nervous," and while he was conducting consensual searches of the two other men, Appellant made "a quick movement" into his pocket as if for a gun.

Officer Ayers testified that upon seeing Appellant reach into his pocket, he immediately unholstered his weapon and commanded, "Get your hands up." When Appellant finally brought his hand out of his pocket, he was holding a clear plastic baggie that contained an off white, rock-like substance that appeared to be crack cocaine. According to Officer Ayers, Appellant immediately threw the baggie onto the ground and started stomping and grinding the baggie into the ground. During this time, Officer Ayers was commanding Appellant to "stop" and "get [his] hands up," but Appellant continued. Appellant finally stopped and began to walk away when Officer Ayers commanded him to stop. Officer Ayers testified that he walked towards Appellant, and Appellant "posture[d]" towards him. Thereafter, Officer Ayers took Appellant to the ground, and with the aid of another responding officer, placed him under arrest.

Officer Ayers's patrol vehicle camera was not operating during his contact with Appellant and the two other men. However, the camera inside the responding officer's vehicle

5

was operating, and that video was played before the jury. The video shows that as the responding officer arrived at the location, Appellant was standing alone. He took a step forward, then stepped backwards, dragging his right foot. He raised his hands in the air, and then while looking at the ground, dragged or swept his left foot on the ground and began walking away. The responding officer ran towards Appellant, and commanded him to get on the ground. Shortly thereafter, Officer Ayers took Appellant to the ground.

Officer Ayers testified that after Appellant was handcuffed, he returned to the location where Appellant was grinding the contents of the baggie into the ground. According to Officer Ayers, the baggie was open and did not contain the same amount of the substance that was inside when Appellant first took it out of his pocket.

Officer Ayers testified that he was able to recover some of the substance from the baggie and field tested it at the scene. The field test showed that the substance was positive for cocaine. The substance was submitted for additional testing, and Elosia Esparza, a drug chemist with the Texas Department of Public Safety Crime Laboratory, testified that the substance submitted in this case consisted of .04 grams of cocaine. [3]

On direct examination, Officer Ayers confirmed that he saw Appellant "alter, conceal, or destroy" the substance contained in the baggie that Appellant threw onto the ground. On cross examination, Ayers testified that, although he was able to recover some of the cocaine that had been in the baggie, he was not able to recover all of it due to Appellant's conduct. He explained that Appellant concealed the cocaine when he placed his foot on top of the baggie and ground it into the dirt. Officer Ayers further testified that where Appellant stood was sandy, and that Appellant shuffled and kicked the open baggie into the dirt after he was finished grinding it into the dirt.

In its case in chief, the defense called Johnny Thompson. In addition to testifying that he never saw Appellant or the two other men drinking alcohol in the street, Thompson testified that he never saw Appellant throw anything on the ground.

**Discussion**

Appellant does not challenge the sufficiency of the evidence that shows the substance contained in the baggie was cocaine, or that the substance contained .04 grams of cocaine. Instead, he argues that because there is no video and no confession, and the witnesses' testimony

---

[3] The parties stipulated to the chain of custody.

6

is conflicting, there is no evidence that he committed either offense. In his brief, he suggests that the State should have called the two men who were with him as witnesses in order to connect him to the crimes. We disagree.

We must give deference to the jury's decision regarding the weight to give Officer Ayers's and Johnny Thompson's testimony because the jury was in the best position to judge the credibility of each. *See Lancon v. State*, 253 S.W.3d 699, 706 (Tex. Crim. App. 2008). Officer Ayers's testimony showed that Appellant removed a baggie containing a rock-like substance from his pocket. Moreover, the video from the responding officer's patrol car is consistent with Officer Ayers's testimony. After viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of possession of a controlled substance as set forth in count I of the indictment beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899.

When Appellant removed the baggie of cocaine from his pocket, Officer Ayers was in the process of searching the two men who were with him. We note that not every act of discarding an object evinces an intent to impair the availability of that object as evidence in a later investigation or proceeding. *See Thornton v. State*, 425 S.W.3d 289, 304 (Tex. Crim. App. 2014). But it can be inferred from the circumstances in this case that Appellant's "quick" reaching into his pocket, dropping the baggie, and "grinding" it into the ground was intended to impair the cocaine's availability as evidence. *See* TEX. PENAL CODE ANN. § 37.09(a)(1); *Louis*, 329 S.W.3d at 268. Moreover, Officer Ayers's testimony that the amount of cocaine inside the baggie was less than what he originally saw, and that he was able to recover only "some" of the evidence, supports a finding that Appellant intentionally or knowingly altered, destroyed, or concealed the cocaine. *See Rabb*, 434 S.W.3d at 617 ("[W]hile 'conceal,' 'destroy,' and 'alter' each have their own meaning, they are not mutually exclusive[.]"). After viewing the evidence in the light most favorable to the verdict, we conclude that a rational trier of fact could have found the essential elements of tampering with physical evidence as set forth in count II of the indictment beyond a reasonable doubt. *See Brooks*, 323 S.W.3d at 899.

The evidence supporting Appellant's convictions for possession of a controlled substance and tampering with physical evidence is legally sufficient. Accordingly, we overrule Appellant's first and second issues.

## DISPOSITION

Having overruled Appellant's four issues, we ***affirm*** the judgment of the trial court.

**JAMES T. WORTHEN**
Chief Justice

Opinion delivered April 30, 2015.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*

(DO NOT PUBLISH)



# COURT OF APPEALS

# TWELFTH COURT OF APPEALS DISTRICT OF TEXAS

# JUDGMENT

### APRIL 30, 2015

### NO. 12-14-00064-CR

**TERRON PENEVRICK MITCHELL,**
Appellant
V.
**THE STATE OF TEXAS,**
Appellee

Appeal from the 145th District Court

of Nacogdoches County, Texas (Tr.Ct.No. F1018049)

THIS CAUSE came to be heard on the appellate record and briefs filed herein, and the same being considered, it is the opinion of this court that there was no error in the judgment.

It is therefore ORDERED, ADJUDGED and DECREED that the judgment of the court below **be in all things affirmed**, and that this decision be certified to the court below for observance.

James T. Worthen, Chief Justice.
*Panel consisted of Worthen, C.J., Hoyle, J., and Neeley, J.*