**Opinion filed September 3, 2020**



In The

# Eleventh Court of Appeals

_____

## No. 11-19-00402-CR

_____

## CHESTER ARTHER HALL JR., Appellant

## V.

## THE STATE OF TEXAS, Appellee

**On Appeal from the 441st District Court**
**Midland County, Texas**
**Trial Court Cause No. CR52855**

## M E M O R A N D U M   O P I N I O N

Appellant, Chester Arther Hall Jr., pleaded not guilty to the third-degree felony offense of tampering with physical evidence (Count I) and guilty to the state jail felony offense of possession of a controlled substance (Count II). The trial court found Appellant guilty in both counts and assessed his punishment in Count I at

confinement in the Institutional Division of the Texas Department of Criminal Justice for a term of four years and in Count II at confinement in a state jail facility for twelve months. On appeal, Appellant presents two issues for review: (1) a challenge to the sufficiency of the evidence to support the conviction for tampering with physical evidence and (2) a complaint related to attorney's fees and court reporter's fees. We reverse and render as to Count I, and we modify and affirm as to Count II.

*Sufficiency of the Evidence as to Count I*

In his first issue, Appellant asserts that the State failed to prove beyond a reasonable doubt that Appellant tampered with physical evidence as charged in Count I of the indictment. In its brief, the State concedes that the evidence presented at trial "is insufficient to support a finding of guilty of Count One as to the elements as alleged in the indictment." We agree.

We review the sufficiency of the evidence under the standard of review set forth in *Jackson v. Virginia*, 443 U.S. 307 (1979). *Brooks v. State*, 323 S.W.3d 893, 912 (Tex. Crim. App. 2010). Under the *Jackson* standard, we examine all of the evidence in the light most favorable to the verdict and determine whether, based on that evidence and any reasonable inferences from it, any rational trier of fact could have found the essential elements of the offense beyond a reasonable doubt. *Jackson*, 443 U.S. at 319; *Isassi v. State*, 330 S.W.3d 633, 638 (Tex. Crim. App. 2010).

Count I of the indictment reads in relevant part as follows:

[Appellant] . . . did then and there knowing that an investigation or official proceeding was pending and in progress, to-wit: A SUSPENDED DRIVERS LICENSE, did then and there *make, present and use a record, document, and thing*, to-wit: A WHITE ROCK-LIKE

SUBSTANCE *with knowledge of its falsity and with intent to affect the course and outcome of the official proceeding and investigation*[.]

(Emphasis added). *See* TEX. PENAL CODE ANN. § 37.09(a)(2) (West 2016).

The record reflects that Officer Jonathon McKown of the Midland Police Department stopped Appellant for a traffic violation and determined that Appellant was driving with a suspended driver's license and without insurance. The officer arrested Appellant for those offenses and placed him in a patrol car. Officer McKown subsequently noticed that Appellant was "sweating profusely," which can be a sign of drug use, and asked Appellant if he had swallowed any drugs during the stop. Appellant denied doing so, but officers looked in Appellant's mouth and observed "[s]everal small specks of some sort of white substance," which appeared to be crack cocaine. Officers swabbed Appellant's mouth and collected a piece of the white substance; it tested positive for cocaine.

After Appellant was removed from the patrol car, Officer McKown subsequently found a crack pipe and several white rocks of what appeared to be crack cocaine between the backseat and the door of the patrol car. According to the record, the cocaine found in the patrol car related to Count II, to which Appellant pleaded guilty.

As argued by Appellant and conceded by the State, there is no evidence that Appellant made, presented, or used anything, including the white rock-like substance, that was in any way false or presented with an intent to affect the investigation or proceeding for driving with a suspended driver's license. Essentially, what happened in this case is that the charge against Appellant was mis-indicted. Count I of the indictment tracked the language of and included the elements of Section 37.09(a)(2) instead of Section 37.09(a)(1) or 37.09(d)(1). *See id.* § 37.09(a), (d)(1). Under subsections (a)(1) and (d)(1), the offense of tampering

with or fabricating physical evidence occurs if a person "alters, destroys, or conceals any record, document, or thing with intent to impair its verity, legibility, or availability as evidence" in an investigation or official proceeding. *Id.* § 37.09(a)(1), (d)(1). Although subsections (a)(1) and (d)(1) appear to be more relevant to the evidence presented at trial, the indictment did not include any language charging Appellant under either of these subsections.

Due process requires that the State prove, beyond a reasonable doubt, every element of the offense charged. *Cada v. State*, 334 S.W.3d 766, 772–73 (Tex. Crim. App. 2011) (citing *Jackson*, 443 U.S. at 313). The State's failure to prove the statutory language pleaded in the indictment renders the evidence legally insufficient to support the conviction. *Johnson v. State*, 364 S.W.3d 292, 294 (Tex. Crim. App. 2012). The court in *Johnson* explained, "This can happen when a statute specifies alternate methods by which an offense could be committed, the charging instrument pleads one of those alternate methods, but the State proves, instead, an unpled method." *Id.* That is exactly what occurred in the present case.

We note that the State asks this court to reverse the conviction and remand the cause to the trial court. However, because there is no evidence that Appellant committed the offense as charged in the indictment or a lesser included offense thereof, we must reverse the judgment of the trial court in Count I and render a judgment of acquittal. *See Rabb v. State*, 434 S.W.3d 613, 616, 618 (Tex. Crim. App. 2016); *see also Burks v. United States*, 437 U.S. 1 (1978). We sustain Appellant's first issue.

*Costs for Attorney and Reporter's Record*

In his second issue, Appellant complains of the inclusion in the bill of cost of attorney's fees in the amount of $750 and a court reporter's record fee of $509.50.

Even though we have held that the judgment of the trial court as to Count I must be reversed, we must nonetheless address Appellant's second issue because it relates not only to Count I but also to Count II. The judgments in both counts contain language requiring Appellant to pay "all costs in this proceeding." We note that some or all of the complained-of fees were included in the trial court's order to withdraw funds from Appellant's inmate trust account and that Appellant has asked this court to reform that order.

The State concedes that Appellant is correct and that it was error to require Appellant to pay the fees of his court-appointed attorney and the court reporter. We agree. Appellant was determined to be indigent, and there is nothing in the record to indicate that he is no longer indigent or that the trial court made any determination that Appellant had financial resources to pay for the costs of his court-appointed attorney. *See* TEX. CODE CRIM. PROC. ANN. art. 26.05(g) (West Supp. 2019). Additionally, the trial court issued an order granting Appellant's motion for a free reporter's record on appeal. When the trial court erroneously includes fees as court costs, we should modify the trial court's judgment to remove the improperly assessed fees. *See Cates v. State*, 402 S.W.3d 250, 252 (Tex. Crim. App. 2013). We therefore sustain Appellant's second issue and modify the judgment of the trial court with respect to Count II, the order to withdraw funds, and the bill of cost to delete any requirement that Appellant pay $750 for court-appointed attorney's fees and $509.50 for the court reporter's record fee. *See id.*

### This Court's Ruling

We reverse the judgment of the trial court as to Count I, and we render a judgment of acquittal as to that count. We modify the trial court's judgment as to Count II, the order to withdraw funds, and the bill of cost so as to delete the

imposition of the court-appointed attorney's fees in the amount of $750 and the court reporter's record fee of $509.50; as modified, we affirm the judgment of the trial court as to Count II.

KEITH STRETCHER

JUSTICE

September 3, 2020

Do not publish. *See* TEX. R. APP. P. 47.2(b).

Panel consists of: Bailey, C.J.,
Stretcher, J., and Wright, S.C.J.[1]

Willson, J., not participating.

---

[1]Jim R. Wright, Senior Chief Justice (Retired), Court of Appeals, 11th District of Texas at Eastland, sitting by assignment.